# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA KUHNE-IRIGOYEN, | Case No. 1:18-cv-01011-DAD-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE REVOKED AND THIS CASE NOT BE RECOMMENDED FOR DISMISSAL** |
| v. | |
| GILBERTO GONZALEZ, et al., | |
| Defendants. | (Doc. 3) |

## I.   BACKGROUND

On July 26, 2018, Plaintiff Laura Kuhne-Irigoyen filed a civil complaint alleging diversity jurisdiction and causes of action for breach of contract and fraud. (Doc. 1 ("Compl.").) Plaintiff contends that from November 2014 to June 2017, she lent the defendants a total of $250,000 in currently and personal property, which has not been paid. (Compl. at 3.) Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

In her IFP application, Plaintiff Kuhne-Irigoyen stated that she has no sources of income, no money in a cash or saving account, owns no "automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value . . . including any item of value held in someone else's name," and has no regularly monthly expenses. (Doc. 2 at 1–2.) She reported

owing "approximately $300,000 in mostly consumer personal property debts." (*Id*. at 2.) Plaintiff signed the application under penalty of perjury and expressly acknowledged that "a false statement may result in the dismissal" of her claims. (*Id*.)

In reliance on her verified statements, the Court granted Plaintiff Kuhne-Irigoyen's IFP application on August 1, 2018. (*See* Doc. 3.) Recently, however, information has come to the Court's attention that calls into question the veracity of Plaintiff's application. The Court takes judicial notice of the following matters:[1]

*The Probate Matter: In the Matter of the Estate of Jean Michel Irigoyen*

On June 29, 2015, Ms. Kuhne-Irigoyen filed a petition in the probate matter styled *In the Matter of the Estate of Jean Michel Irigoye*n, Case. No. 15CEPR01043, Superior Court of California, County of Fresno, to determine ownership of the estate property of her late husband, Jean Michel Irigoyen, who died on September 10, 2014 (the "Probate Matter"). *See id*., Pet. by Representative to Determine Ownership of Estate Prop. and for Order Authorizing and Directing Transfer of Estate Property to Claimant (filed June 29, 2015) (the "Petition"). According to the Petition, Ms. Kuhne-Irigoyen was the administrator of the estate, which was valued as of the date of filing at $229,000.00. *See id*. at 1. Ms. Kuhne-Irigoyen was represented in the Probate Matter by attorney J. Stanley Teixeira until June 18, 2018, and some time thereafter retained attorney Russell D. Cook. *See id*., Docket. According to the docket in the Probate Matter, from November 2014 to April 2018, the Court has received payments, either directly by Ms. Kuhne-Irigoyen or on her behalf, in the total amount of $1,538.00. *See id*.

*Luna I: Luna v. Estate of Jean Michel Irigoyen*

On October 1, 2014, Oscar Luna sued the Estate of Jean Michel Irigoyen and others, including Ms. Kuhne-Irigoyen, in the Superior Court of California, County of Fresno. *See Luna v. Estate of Jean Michel Irigoyen, et al.*, Case No. 14CECG02921 (filed October 1, 2014) ("*Luna I*"). Ms. Kuhne-Irigoyen was represented in *Luna I* by Mr. Teixeira until June 1, 2018, on which date she proceeded to represent herself. *See id*., Substitution of Attorney (filed June 1, 2018). According

---

[1] Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts. Fed. R. Evid. 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

to the docket in *Luna I*, the Court has received payments, either directly by Ms. Kuhne-Irigoyen or on her behalf, in the total amount of $675.00, including $60.00 electronic filing payments made by Ms. Kuhne-Irigoyen on May 9, May 31, and June 21, 2018. *See id.*, Docket.

*Luna II: Luna v. Estate of Jean Michel Irigoyen*

On May 1, 2017, Mr. Luna filed another suit in the Superior Court of California, County of Fresno, against the Estate of Jean Michel Irigoyen and others, including Ms. Kuhne-Irigoyen, personally and as administrator of the estate. *See Luna v. Estate of Jean Michel Irigoyen, et al.*, Case No. 17CECG01454, V. Compl. at 1 (filed May 1, 2017) ("*Luna II*"). In *Luna II*, Mr. Luna seeks termination of three trusts held by the decedent Mr. Irigoyen. *See id.* One of the subject trusts is alleged to have included as property a 2003 Porsche 911 Turbo (the "Porsche"), a 2004 C-230 Mercedes Benz (the "Mercedes C-230"), a 2009 BMW M3 (the "BMW"), and a Mercedes Benz ML 350 SUV (the "Mercedes SUV"). *Id.* at ¶¶ 16–28.

On September 25, 2017, the Court entered an order of final judgment pursuant to a written settlement agreement between the parties, which adjudged Mr. Luna the "sole owner" of certain real and personal property, including the Porsche. *See Luna v. Estate of Jean Michel Irigoyen, et al.*, Case No. 17CECG01454, Final J. ¶¶ 1–2 (entered September 25, 2017). The order also adjudged Ms. Kuhne-Irigoyen the "sole owner" of the Mercedes C-230, the BMW, and the Mercedes SUV. (*See id.* ¶ 3.) Although the Court set aside the judgment entered in favor of Mr. Luna declaring him the sole owner of the real property, *see id.*, Order after Hearing, entered April 23, 2018, it does not appear to have disturbed the judgment with respect to the adjudication of Ms. Kuhne-Irigoyen as the "sole owner" of the Mercedes C-230, the BMW, and the Mercedes SUV.

*Luna v. Allstate Northbrook Indemnity Company*

On May 9, 2018, Ms. Kuhne-Irigoyen[2] was named as a counter-defendant in a lawsuit styled *Luna v. Allstate Northbrook Indemnity Company*, Case No. 18-cv-00606-LJO-SKO, pending in this Court. In that lawsuit, the plaintiff Mr. Luna alleges that the defendant Allstate Northbrook Indemnity Company ("Allstate") has wrongfully refused to release its claims to the Porsche and,

---

[2] That lawsuit names as counter-defendant "Laura Kuhne Irogoyen," whereas Plaintiff filed the present suit as "Laura Kuhne-Irigoyen." The same address is listed on the respective case dockets for each. *Compare* Case No. 18-cv-00606-LJO-SKO *with* Case No. 18-cv-01011-DAD-SKO.

3

thus, has interfered with plaintiff's alleged possessory and ownership interests in it. *See* Case No. 18-cv-00606-LJO-SKO, Doc. 1. Mr. Luna contends that he is the rightful owner of the Porsche, as evidenced by the court's September 25, 2017, order in *Luna II*, and seeks damages for Allstate's alleged conversion and loss of use of the vehicle.

The defendant/counterclaimant Allstate seeks to recover from Ms. Kuhne-Irigoyen a payment in the amount of $37,826.56, that it alleges it paid to her in August 2016 for a theft claim related to the Porsche, which Ms. Kuhne-Irigoyen reported stolen. *See id*. at Doc. 7 ¶¶ 6–10. Allstate alleges that upon payment for settlement of the theft claim, title to the Porsche was transferred to Allstate, yet Ms. Kuhne-Irigoyen subsequently, and wrongfully, agreed in a settlement with Mr. Luna to give him sole ownership of the Porsche, as reflected in the court's order in *Luna II*.

On July 6, 2018, Ms. Kuhne-Irigoyen, proceeding pro se, filed a motion to strike Allstate's counterclaims. (*See* Doc. 11.) She asserts Allstate's counterclaims should be stricken "[b]ecause Allstate does not allege that Kuhne Irigoyen is secondarily or derivatively liable for Luna's claims and thus does not allege a right of indemnification, subrogation, breach of warranty, or contribution as a joint tortfeasor from her." (*Id*. at 2.) Notably, in her motion Ms. Kuhne-Irigoyen does not dispute that she received a $37,826.56 payment from Allstate—instead, she appears to concede that point. (*See id*. ("Allstate . . . sued Kuhne Irigoyen . . . for reimbursement of the money it paid her for the vehicle when she believed it stolen . . .").)

## II. DISCUSSION

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 USC § 1915(a). The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds). "The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citing *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir.

4

1983) (per curiam). *See also Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

However, proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *IFP*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850 (citing *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)). "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (citing *Temple*, 586 F. Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam)).

Many courts have held that petitioners with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like. *Temple*, 586 F. Supp. at 850–51. "[T]he court shall dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff does not dispute that she received almost $38,000 from Allstate in April 2016. And, as the Court has recently learned, Plaintiff was granted ownership in September 2017 of three automobiles: two Mercedes and a BMW. Plaintiff is currently represented by counsel in the Probate Matter, and in May and June 2018 she paid $180 in fees to Fresno County Superior Court to electronically file documents in *Luna II*. In view of this, and the other information set forth above, Plaintiff's representation in her IFP application that she has no money and owns nothing of value—including, specifically, "automobiles"—on which the Court relied, strains credibility.

### III.     ORDER

Accordingly, it is **HEREBY ORDERED** that **within twenty-one (21) days of the date of service of this order**, Plaintiff shall show cause why her *in forma pauperis* status should not be revoked and this action dismissed without prejudice to refiling with prepayment of the filing fee.

///

Alternatively, Plaintiff may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **August 8, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE