# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA KUHNE-IRIGOYEN, | Case No. 1:18-cv-01011-DAD-SKO |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON BREACH OF CONTRACT CLAIM** |
| v. | |
| GILBERTO GONZALEZ, et al., | |
| Defendants. | |
| _____/ | (Doc. 4) |
| | **TWENTY-ONE (21) DAY DEADLINE** |

## I. BACKGROUND

On July 26, 2018, Plaintiff Laura Kuhne-Irigoyen filed a civil complaint alleging diversity jurisdiction and causes of action for breach of contract and fraud. (Doc. 1 ("Compl.").) Plaintiff contends that from November 2014 to June 2017, she lent the defendants a total of $250,000 in currently and personal property, which has not been paid. (Compl. at 3.) Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

In her IFP application, Plaintiff stated that she has no sources of income, no money in a cash or saving account, owns no "automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value . . . including any item of value held in someone else's

name," and has no regularly monthly expenses. (Doc. 2 at 1–2.) She reported owing "approximately $300,000 in mostly consumer personal property debts." (*Id*. at 2.) Plaintiff signed the application under penalty of perjury and expressly acknowledged that "a false statement may result in the dismissal" of her claims. (*Id*.)

In reliance on her verified statements, the Court granted Plaintiff's IFP application on August 1, 2018. (*See* Doc. 3.) Thereafter, information came to the Court's attention that called into question the veracity of Plaintiff's application. On August 9, 2018, an order issued for Plaintiff to show cause ("OSC") within twenty-one (21) days why her *in forma pauperis* status should not be revoked and this action not be dismissed. (Doc. 4.)

## II.    DISCUSSION

### A.    The OSC Shall Be Discharged

Despite the OSC having been returned as undeliverable (*see* Docket), Plaintiff filed a timely response. (Doc. 5.) In it, Plaintiff declares, under penalty of perjury, that: she has been homeless since November 1, 2017; she has not owned any motor vehicles since 2015; she has paid no filing fees in state court since 2016 (other than the fee for a recently-filed motion to strike, which was paid for by her mother); and she received only $850 from the distribution of her late husband's estate. (Doc. 5 at 1–2.)

The Court accepts Plaintiff's declaration. The OSC shall be discharged, and Plaintiff shall continue to proceed *in forma pauperis* in this action.

### B.    Screening of Plaintiff's Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of every pro se complaint proceeding *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by

amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

As discussed below, Plaintiff has stated a cognizable breach of contract claim on which she may proceed, and may be able to correct the deficiencies in her pleading on her fraud claim. Thus, Plaintiff may either file a first amended complaint correcting the deficiencies, or advise the Court that she is willing to proceed only on her breach of contract claim.

### 1. Screening Standard

The Court's screening of the complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### 2. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*,

1 | 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

### 3. Plaintiff's Allegations

Plaintiff alleges that from November 2014 to June 2017, she lent Defendants Gilberto Gonzalez (a resident of Georgia), Bertha Gonzalez (a resident of Utah), Evy Gonzalez (a resident of Utah), Marvin Gonzalez (a resident of Utah), Gilbert Gonzalez (a resident of Utah), and Nora Gonzalez (a resident of Utah) (collectively, "Defendants") "the total sum of $250,000 in currency and personal property" based on their "promise" that they would pay her back "on demand." (Compl. at 2–5.) According to Plaintiff, "[f]rom July 2017 onwards" she made "numerous oral and written demands" to "each and all" Defendants to pay the amount owed and "all have refused, and continue to refuse" to pay. (*Id*. at 3, 5.)

Plaintiff further alleges that Defendants "jointly and severally" agreed to pay her back and never did. (Compl. at 3, 5.) She states that she "believe[s] in good faith that none of the [] Defendants ever intended to pay [her] what [she] lent them." (*Id*.)

Plaintiff asserts claims for breach of contract and fraud ("false promise to pay") and seeks $250,000 in general damages, plus interest, and $250,000 in punitive damages from Defendants "jointly and severally." (Compl. at 5–7.)

///

///

4

**4.    Legal Standards**

    **a.    Breach of Contract**

"To establish a breach of contract under California law, [a plaintiff] must show the following: (1) existence of a contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages." *See Gulf Ins. Co. v. Hi-Voltage Wire Works, Inc.*, 388 F. Supp. 2d 1134, 1136 (E.D. Cal. 2005) (citing *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 744 (2001)). Here, Plaintiff alleges that she agreed to lend $250,000 to Defendants based on their promise to repay her, that she did so, that Defendants failed to repay her, and that she was damaged as a result. Therefore, liberally construed, Plaintiff's allegations state a cognizable claim for relief for breach of contract.[1]

    **b.    Fraud**

Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996))

Rule 9(b) of the Federal Rules of Civil Procedure requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that she can defend against the charge and not just deny that she has done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). *See also United States ex rel. Cafasso, v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("[A] pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'") (alterations in original). A party alleging fraud must "set forth more than the neutral facts necessary

---

[1] The complaint alleges jurisdiction based on diversity. *See* 28 U.S.C. § 1332.

to identify the transaction." *Vess*, 317 F.3d at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds).

Although Plaintiff's complaint, as pleaded, meets some aspects of the heightened pleading standard, it is deficient as to other aspects. Plaintiff alleges that Defendants "promised" her they would repay her without intending to do so, but she does not set forth which Defendant(s) made the promise(s); the content of the promise(s); when the promise(s) was made; where the promise(s) was made; and how the promise(s) was made. Thus, Plaintiff has failed to allege a cognizable fraud claim in accordance with Rule 9(b). *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547 n.7 (Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.).

### III.     CONCLUSION AND ORDER

Plaintiff is given the choice to file an amended complaint or to proceed on her breach of contract claim and dismiss her fraud claim. Plaintiff must either notify the Court of her decision to proceed on her cognizable breach of contract claim, or file an amended complaint within **twenty-one (21) days** of the service of this order.

If Plaintiff files an amended complaint, she should plead additional facts that address Rule 9(b)'s heightened pleading standard insofar as any fraud-based claims are concerned. Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The OSC (Doc. 4) is discharged.
2. Plaintiff is granted leave to file an amended complaint.

6

3. **Within twenty-one (21) days** from the date of service of this order, Plaintiff must either file:
   a. an amended complaint curing the deficiencies identified by the Court in this order, or
   b. a statement dismissing her fraud claim and indicating her desire to proceed under the complaint solely on the breach of contract claim found cognizable in herein.
4. **Failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).**

IT IS SO ORDERED.

Dated: **September 7, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE