1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAURA KUHNE-IRIGOYEN,                    No. 1:18-cv-01011-DAD-SKO

12               Plaintiff,

13        v.                                   ORDER GRANTING DEFENDANTS'
                                               MOTION TO DISMISS FOR LACK OF
14    GILBERTO GONZALEZ; BERTHA                PERSONAL JURISDICTION
      GONZALEZ; EVY GONZALEZ;
15    MARVIN GONZALEZ; GILBERT                 (Doc. No. 21)
      GONZALEZ, JR.; and NORA
16    GONZALEZ,

17               Defendants.

18

19        This matter came before the court on December 18, 2018 for a hearing on defendants'

20   motion to dismiss the complaint against them for lack of personal jurisdiction.  (Doc. No. 21.)

21   Plaintiff Laura Kuhne-Irigoyen did not appear.  Defendants Marvin Gonzalez, Nora Gonzalez,

22   Evy Gonzalez, and Gilbert Gonzalez, Jr. appeared telephonically on their own behalves, while

23   defendants Gilberto Gonzalez and Bertha Gonzalez did not appear.  For the reasons set forth

24   below, the court will grant defendants' motion to dismiss the complaint against them for lack of

25   personal jurisdiction.

26                                   **BACKGROUND**

27        On July 26, 2018, plaintiff commenced this action in this court on the basis of diversity

28   jurisdiction, bringing causes of action for breach of contract and fraud.  (Doc. No. 1.)  Plaintiff

alleges that from November 2014 to June 2017, she lent defendants "the total sum of $250,000 in currency and personal property . . . on their promise that they would pay me back on demand." (*Id.* at 5.) Plaintiff further alleges that beginning in July 2017, she demanded that each of the defendants repay her, but that defendants refused. (*Id.*) According to plaintiff, defendants "fraudulently, maliciously, and oppressively falsely promised to pay" plaintiff. (*Id.* at 6.) Plaintiff requests that judgment be entered against all defendants, "jointly and severally, to pay me the sum of $250,000 in general damage[s] plus interest at 10% from the date of filing of this action plus $250,000 against each of them, jointly and severally, for exemplary damages." (*Id.* at 7.)

Pursuant to 28 U.S.C. § 1915(e)(2), the assigned magistrate judge conducted an initial screening of the complaint to determine whether it is legally sufficient under the applicable pleading standards. On September 7, 2018, the magistrate judge found that plaintiff's allegations were sufficient to state a claim for breach of contract but not fraud, and gave plaintiff the opportunity to file an amended complaint or proceed only on the breach of contract claim found cognizable. (Doc. No. 6.) On September 12, 2018, plaintiff gave notice of her intent to proceed only on her breach of contract claim against all defendants. (Doc. No. 7.)

On November 13, 2018, defendants Gilbert Gonzalez, Jr., Evy Gonzalez, and Bertha Gonzalez filed answers to the complaint. (Doc. Nos. 15, 16, 17.) On November 14, 2018, defendants Marvin Gonzalez and Nora Gonzalez filed the motion to dismiss now pending before this court, and subsequently filed answers on November 27, 2018. (Doc. Nos. 21, 23, 24.) Plaintiff did not file an opposition to the pending motion to dismiss.

## LEGAL STANDARD

A defendant may assert, by motion, that the court lacks personal jurisdiction over her. Fed. R. Civ. P. 12(b)(2). In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction is proper. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the motion is based on written materials and no evidentiary hearing is held, the plaintiff need only

make a *prima facie* showing of jurisdictional facts. *Pico*, 780 F.3d at 1211; *Fred Martin Motor Co.*, 374 F.3d at 800. While a plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true and any conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Fred Martin Motor Co.*, 374 F.3d at 800.

When there is no applicable federal statute setting forth the requirements for personal jurisdiction, the district court applies the law of the forum state in conducting its analysis. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993); *see also Picot*, 780 F.3d at 1211. California's long-arm statute permits California courts to exercise jurisdiction on any basis consistent with the United States and California constitutions. Cal. Civ. Pro. § 410.10. In order to comport with the due process clause of the Fourteenth Amendment, courts may exercise personal jurisdiction over nonresident defendants only so long as there exist sufficient "minimum contacts" between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Maintenance of the suit must "'not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## ANALYSIS

The court notes at the outset that the pending motion was initially filed by defendants Marvin Gonzalez and Nora Gonzalez only. (Doc. No. 21.) Defendants Gilbert Gonzalez, Jr. and Evy Gonzalez joined in the motion at the December 18, 2018 hearing; however, these defendants had previously filed answers to the complaint. (Doc. Nos. 15, 16.) Generally, under Federal Rule of Civil Procedure 12(h)(1), the defense of lack of personal jurisdiction is waived if not asserted in the first pre-answer motion, or, if no such motion is made, in the answer. That said, courts interpret pleadings filed by *pro se* litigants liberally, and *pro se* filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)). Thus, permitting *pro se* litigants to raise a personal jurisdiction defense even after responsive pleadings have been filed

3

has repeatedly been found appropriate. *See, e.g.*, *Goodwin v. Housing Auth. of New Orleans*, No. 11-1397, 2014 WL 1691544, at *2 (E.D. La. Apr. 29, 2014) ("It cannot be said [defendant] voluntarily and with full knowledge effectively relinquished his right to argue the Court lacked personal jurisdiction. Considering the liberal standard commonly applied to *pro se* litigants, the Court does not find [defendant] waived his defense of lack of personal jurisdiction."); *In re Ha*, No. 08-13108-BKC-AJC, 2009 WL 2514870, at *2 (Bankr. S.D. Fla. Aug. 11, 2009) ("[T]he Court is hard-pressed to find these *pro se* litigants voluntarily and with knowledge effectively relinquished their rights to argue proper venue and personal jurisdiction."); *Bell v. Shah*, No. 3:05-cv-0671 (RNC), 2009 WL 860588, at *1 (D. Conn. Mar. 31, 2006) (rejecting plaintiffs' argument that defendant waived defense of personal jurisdiction because "defendant contested jurisdiction generally in his answer" and "refus[al] to address the issue of personal jurisdiction on the merits would elevate form over substance"); *United Advertising Agency, Inc. v. Robb*, 391 F. Supp. 626, 631–32 (M.D.N.C. 1975) ("[T]echnical compliance with Rules 12(g) and 12(h)(1) would mandate the conclusion that defendant Posey has waived the jurisdictional defense, but this breach of the Rules is excused since Posey's answer was filed pro se and, apparently, in order to come within the requirements of Rule 12(a).").

In light of the *pro se* status of Gilbert Gonzalez, Jr. and Evy Gonzalez, as well as the objections to personal jurisdiction raised in their answers[1] and at the hearing on the pending motion, the court finds that these defendants have not waived their defense based upon a lack of personal jurisdiction. Moreover, although defendant Bertha Gonzalez did not appear at the hearing or join in the motion, and defendant Gilberto Gonzalez has not yet appeared in this action, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in

---

[1] The answers filed by Gilbert Gonzalez, Jr. and Evy Gonzalez both state that they are not residents of California. (*See* Doc. No. 15 at 2; Doc. No. 16 at 2.)

4

favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.").  The court therefore construes the pending motion as being brought on behalf of all defendants.

Defendants argue that this court lacks both general and specific jurisdiction over them, and that this action must therefore be dismissed.  (Doc. No. 21.)  General jurisdiction exists when a defendant engages in "continuous and systematic general business contacts" with the forum state.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984) (finding that for general jurisdiction to exist over a non-resident individual, his contacts with the forum state must be sufficient "to conclude that [he] may in fact be said already to be present there") (citation and quotation marks omitted).

Defendants assert that they are residents of Utah and Georgia and were served with the complaint while residing in those states.  Indeed, plaintiff's complaint identifies Bertha Gonzalez, Evy Gonzalez, Marvin Gonzalez, Gilbert Gonzalez, Jr., and Nora Gonzalez as residents of Utah.  (*See* Doc. No. 1 at 2, 4.)  The complaint further identifies Gilberto Gonzalez as a resident of Georgia.  (*Id.* at 2.)  These defendants are not domiciled in California, and therefore cannot be subject to general personal jurisdiction in this court.

With respect to specific jurisdiction, courts in the Ninth Circuit apply a three-pronged test to determine whether a court has specific jurisdiction over a defendant:  (1) the non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.  *Picot*, 780 F.3d at 1211; *Fred Martin Motor Co.*, 374 F.3d at 802.  The plaintiff has the burden of establishing the first two of these prongs, and a "strong showing on one axis

will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006); *see also CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011); *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). If the plaintiff meets this burden, the burden shifts to defendants to show the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc.*, 653 F.3d at 1076; *see also Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). The first prong of the test varies to some extent between claims sounding in contract and tort: "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Fred Martin Motor Co.*, 374 F.3d at 802 (citation omitted).

Here, plaintiff has alleged a single cause of action for breach of contract against the defendants. The court therefore applies the purposeful availment analysis. *Id.* Under that analysis, due process requires a defendant "not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations and quotation marks omitted). Where a defendant "deliberately has engaged in significant activities" in a state or created "continuing obligations" between himself and the residents of a state, "it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.* at 475–76.

Defendants argue that specific jurisdiction is lacking here because they "did not reside in the State of California, do not own property in the State of California, and had no contact with Plaintiff while she was residing in California." (Doc. No. 21 at 2.) At the hearing on the pending motion, defendants further explained that none of the defendants in this action lived in California during the relevant 2014–2017 time period alleged in plaintiff's complaint. Defendants represented at the hearing that of the defendants, only Gilberto Gonzalez ever had any contact with plaintiff, and that those contacts all took place when Gonzalez was residing in Arizona. To be sure, plaintiff's complaint only alleges that defendants owe her money; it does not state where the alleged contract was made or where the contractual negotiations took place. Indeed, no

forum-related contacts have been alleged by plaintiff at all. The court therefore cannot conclude that defendants purposely availed themselves of the forum.

In sum, considering the allegations in plaintiff's complaint identifying defendants as residents of Utah and Georgia, the lack of any allegations in plaintiff's complaint even suggesting that defendants purposely availed themselves of this forum, and plaintiff's failure to oppose the pending motion, the court will grant the motion to dismiss without prejudice.[2] *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985).

## CONCLUSION

Accordingly:

1. Defendants' motion to dismiss for lack of personal jurisdiction (Doc. No. 21) is granted as to all defendants;

2. The complaint is dismissed without prejudice; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**February 1, 2019**__          _____
                                        UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to 28 U.S.C. § 1631, if a "court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]" *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (holding that district court's failure to exercise its discretion under § 1631 constitutes an abuse of discretion). Here, the court finds that transfer would not be in the interest of justice, since the bare allegations of plaintiff's complaint and plaintiff's failure to respond the pending motion make it unclear in which court, if any, this action could have been properly brought at the time it was filed.